IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| EMMA SEPULVEDA, | : | CASE NO. 98-13750(SEK) |
| DEBTOR | : | CHAPTER 13 |
| ------------------------------ | | |
| EMMA SEPULVEDA, | : | |
| PLAINTIFF | : | ADV. NO. 06-00177 |
| v. | : | |
| MANUEL AMADOR BORGES, | | |
| DEFENDANT | : | |
| ------------------------------ | | |

**FILED & ENTERED**

2 3 MAY 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Debtor/Plaintiff filed the instant proceeding to enjoin Defendant from prosecuting his suit in State Court for liquidation of his common interest in Debtor's residence, ("the case") almost two years after her bankruptcy case was closed.[1] Plaintiff argues that a judgment entered in the case liquidated the parties' respective interests in the common ownership of the residence created by applicable non bankruptcy law[2], and



_____

[1] The Trustee was discharged and the case was closed on November 1, 2004.

[2] Pursuant to the applicable nonbankruptcy in this matter, upon dissolution of the parties marriage by divorce decree, the conjugal partnership created by the marriage is replaced by a common ownership of property. *Soto López v. Colón Meléndez*, 142 D.P.R. 282, 287 (1197); *Montalván v. Rodríguez*, 161 D.P.R. 411 (2004).

adjudicated title over the residence to the Debtor before bankruptcy, ("the judgment"). Consequently, Defendant was an unsecured creditor of Plaintiff's estate in bankruptcy, evidenced also by proofs of claims 11 and 12 filed by the Defendant, ("the debt"). According to the confirmed plan, the order of discharge and the final report of the Trustee, the debt was paid and discharged. Hence, Defendant's current attempts to collect the debt by reviving the case in State court and requiring the sale of Debtor's residence violates the order of discharge.

Defendant argues the judgment did not liquidate his interest in the residence, nor adjudicate title exclusively to the Plaintiff/Debtor. Payment received under the confirmed plan did not alter the fact that Defendant held a 50% ownership interest in the residence when Plaintiff filed for bankruptcy relief. Hence, his ownership interest in Debtor's residence could not have been discharged, and he did not violate order of discharge by reviving the case.

The threshold question of what the parties here claim calls for interpreting the judgment. The facts are undisputed and are included in Exhibit A. Suffice it to say, the parties were divorced in 1997. The divorce decree terminated the conjugal partnership, replaced by a "comunidad de bienes". *Díaz Lizardi v. Aguayo Leal*, 2004 JTS 148; 2004 WL2085503. This was followed by the judgment. We translate relevant parts of the judgment as

2

follows.[3]

> Having discussed the alternatives presented by the
> parties, this court finds and adopts as reasonable the
> one where the plaintiff [Defendant herein] is
> guaranteed the sum of $28,000 as payment for his
> participation in the conjugal society. Said amount
> will be obtained from the proceeds of the sale of the
> residence... . Sale proceeds in excess of the $28,000
> due to the plaintiff belong to the defendant
> [Debtor/Plaintiff herein].

Plaintiff's estate in bankruptcy included, "with limited
exception, 'all [of the parties] legal and equitable interests"
in the residence as of the date of the commencement of her case.
11 U.S.C. § 541; *In re Wood*, 292 B.R. 219, 224 (BAP 1st Cir.
2003). However, the property interest in the residence at the
time Plaintiff sought bankruptcy relief was determined by
applicable nonbankruptcy law, which in this matter is the
judgment transcribed above. *Butner v. United States, et al.*, 440
U.S. 48, 55; 99 S. Ct. 914; 50 L. Ed.2d 136 (1979). The words
used by the State court show that Court valued Defendant's
undivided interest in the "comunidad de bienes" at $28,000. Its
liquidation was subject to the sale of the residence. The
residence was not sold and the case was stayed when Plaintiff
sought bankruptcy relief five months later. Plaintiff concedes
this when she amended her schedules recognizing she only had a
50% interest in the residence, acknowledging the other 50%



---

[3] To date the parties have not supplied an official
translation of this document. *U.S. v. Rivera-Rosario*, 300 F.3d 1
(1st Cir. 2002).

interest was owned by the Defendant.

While it is true that the Defendant filed proofs of claims 11 and 12 for the $28,000 each, it is also true that he attached the mentioned judgment to his claims. The proofs of claims do not change the nature of his undivided proprietary interest in the residence. In short, we find the evidence does not show the sums received from confirmed plan distribution were sufficient to extinguish his undivided interest in Debtor's residence. Hence, judgment's valuation of this interest was not an unsecured debt that was discharged in this case.

Defendant's request for sanctions and attorney's fees is denied. While we stand by our interpretation of the judgment, we cannot say the interpretation suggested by the Plaintiff is baseless and totally unreasonable thereby giving rise to the remedy we now deny.

WHEREFORE, the motion to dismiss filed by the Defendant, supplemented by facts stipulated in the pretrial attached as Exhibit A and extraneous documents supplied throughout the pendency of this proceeding, is granted. We also dismiss the counterclaim for lack of subject matter jurisdiction and also because it is not a core matter. 28 U.S.C. §§ 1334 & 157(b)(2).

**SO ORDERED**, in San Juan, Puerto Rico, on May 23, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

4

EXHIBIT A

STIPULATED FACTS

1. The Parties were married pursuant to the conjugal partnership provisions of the P.R. Civil Code, until December 30, 1987, on which date the Arecibo Superior Court issued a judgment in Case No. RF-87-1031, decreeing their divorce.

2. During their marriage the Parties acquired a real estate residential property located in Urb. Hatillo del Mar, Hatillo, Puerto Rico, which is the property in dispute in the instant adversary proceeding.

3. On August 16, 1996, Defendant filed Case No. CAC 96-0348 (402), before the Arecibo Superior Court, seeking the liquidation of the conjugal partnership.

4. On August 30, 1996, Plaintiff filed her answer to complaint and a counterclaim in Case No. CAC 96-0348 (402), before the Arecibo Superior Court.

5. On May 28, 1998, the Arecibo Superior Court issued Judgment in Case No. CAC 1996-0348 (402).

6. On October 6, 1998, Plaintiff filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code and on that same date an automatic stay order was issued against all creditors.

7. The Defendant was listed by the Plaintiff (Debtor) as an

unsecured creditor in Schedule F of her bankruptcy petition.

8. On October 8, 1998, the Plaintiff (Debtor) filed her Chapter 13 Plan in Case No. 98-13750 SEK.

9. On November 4, 1998, the Chapter 13 Trustee filed an unfavorable recommendation to confirmation of Plaintiff's Chapter 13 Plan dated October 6, 1998, "to provide for ex-spouse's interest"

10. On May 17, 1999, the Plaintiff (Debtor) filed a Motion to Amend her Schedules whereby she amended Schedule A to state that 50% of the Hatillo del Mar property belongs to Defendant.

11. On December 23 & 31, 1998, Defendant filed Claims 11 & 12 for the amount of $28,000 related to the judgment obtained against Debtor in the Arecibo Superior Court in Case No CAC 1996-0348 (402).

12. On December 4, 1998, the Defendant filed an Objection to Plaintiff's Claim of Exemption regarding the Hatillo del Mar property, claiming 50% ownership thereon.

13. On June 10, 1999, the Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan dated October 8, 1998.

14. Under the Chapter 13 Plan, the Defendant received total payments in the sum of $868.

15. On July 20, 2004, the Chapter 13 Trustee filed a Notice of Plan Completion.

16. The Order of Discharge was entered in Case No. 98-13750 SEK on August 3, 2004.

17. After the discharge order was entered, Defendant proceeded to reopen the proceedings before the state court in Case No. CAC 96-0348, in order to execute the Judgment.